IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLLEEN JUMBA BAKER, *et al*, | |
| *Plaintiffs,* | Civil Action No. 2:24-cv-461 |
| v. | Hon. William S. Stickman IV |
| MATTHEW LACKNER | |
| *Defendant.* | |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiffs, Colleen Jumba Baker, Brittany Mercer, Matthew O'Brien, Jonathan Sharp, Matthew Zuccher, Christopher Sedlak, and Devlyn Valencic Keller (collectively "Plaintiffs"), brought this action against Matthew Lackner. ("Lackner") (ECF No. 44). At Count I, Plaintiffs allege that Lackner violated the Wiretapping and Electronic Surveillance Control Act ("WESCA") and Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("federal Wiretap Act"). (*Id.* ¶¶ 33-42). At Count II, they allege that Lackner violated 42 U.S.C. § 1983 ("§ 1983") through the impingement of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments. (*Id.* ¶¶ 43-49).

Lackner filed a motion to dismiss the sections of Count I that relate to Lackner's alleged recording of a conversation between Lackner and Plaintiff Christopher Sedlak ("Sedlak") (ECF No. 45) and supporting brief (ECF No. 46). For the reasons stated below, the Court will grant Lackner's motion with regard to Plaintiffs' federal Wiretap Act claims and deny his motion with respect to Plaintiffs' WESCA claims.

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are police officers employed by the City of Pittsburgh Bureau of Police ("PBP") assigned to Zone 2. (ECF No. 44, ¶¶ 19-20). Lackner is the former PBP Zone 2 Commander. (*Id.* ¶ 16). In the early fall of 2023, Lackner was the highest-ranking police officer stationed in Zone 2. (*Id.* ¶ 17). Plaintiffs allege that from September 27, 2023, through October 4, 2023, Lackner utilized body worn cameras ("BWCs"), owned by the City of Pittsburgh, to record their private conversations. (*Id.* ¶ 22). With one exception, all of the surveillance allegedly occurred in unmarked police vehicles where Lackner was not present. (*Id.* ¶ 27). Plaintiffs further allege that Lackner used the global positioning system ("GPS") component of the BWCs to track Plaintiffs' locations. (*Id.* ¶ 26). Plaintiffs were allegedly unaware that Lackner was utilizing the BWCs to surveil their conversations and locations. (*Id.* ¶ 24). Plaintiffs did not consent to such surveillance. (*Id.* ¶ 25).

One recording allegedly occurred on September 27, 2023, in Lackner's office. (*Id.* ¶ 28). Lackner was a direct party to the conversation. (*Id.*). This conversation was allegedly about two disciplinary matters: one involving another employee and the other involving Sedlak's work performance. (*Id.* ¶ 29). Lackner's office is a private office which is fully enclosed, not shared with another employee, and not equipped with video or audio recording devices. (*Id.* ¶¶ 30-31). Lackner had a practice of locking his office door when he was not working, (*id.* ¶ 31), and it was common practice for employees to knock on Lackner's door or the entrance to his office prior to entering the office, (*id.* ¶ 32).

On October 5, 2023, when Lackner was confronted regarding his BWC surveillance, Lackner allegedly claimed that he was a part of a confidential federal investigation into one of the

detectives. (ECF No. 44-1, p. 11).[1] Lackner instructed PBP officers not to communicate with anyone else regarding the purported federal investigation. (*Id.*). The federal investigation did not exist. (*Id.*). Later that day, Lackner was placed on administrative leave, effective immediately. (*Id.*). As a result of his actions, Lackner was charged by the Commonwealth of Pennsylvania with four counts of Illegal Use of Wire or Oral Communications in violation of 18 Pa. C.S. § 5703(1). (ECF No. 44, ¶ 36). Lackner subsequently entered the Allegheny County Accelerated Rehabilitative Disposition Program ("ARD") in relation to his criminal charges. (*Id.* ¶ 37).

On July 8, 2024, Plaintiffs filed an amended complaint. (ECF No. 21). On January 6, 2025, the Court issued a memorandum opinion (ECF No. 39) and order (ECF No. 40) which, in relevant in part, dismissed Plaintiffs' Count I statutory wiretap claims relating to the alleged recording that occurred in Lackner's office without prejudice. (ECF No. 40). The Court gave Plaintiffs leave to file a second amended complaint as to the Count I statutory wiretap claims. (*Id.*). On February 12, 2025, Plaintiffs filed a second amended complaint. (ECF No. 44). Lackner brought a motion to dismiss portions of the complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (ECF No. 45).

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a

---

[1] In deciding a motion to dismiss, courts may consider exhibits attached to the complaint. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### III. ANALYSIS

**A. The Direct Party Consent Exception to the Federal Wiretap Act**

Lackner argues that he did not violate the federal Wiretap Act when he allegedly used his BWC to record a conversation in his office between himself and Sedlak on September 27, 2023, because of the federal Wiretap Act's direct party exception. (ECF No. 46, pp. 10-12). The Court agrees and will dismiss any portion of Count I under the federal Wiretap Act that relates to the in-office conversation between Lackner and Sedlak.

Section 2511 of the federal Wiretap Act prohibits individuals from intentionally intercepting any wire, oral, or electronic communication. 18 U.S.C. § 2511; *Bartnicki v. Vopper*, 532 U.S. 514, 523 (2001). Any individual whose communication is "intercepted, disclosed, or intentionally used" can bring a civil action for injunctive relief and monetary damages. 18 U.S.C. § 2520; *Kwok Sze v. Pui-Ling Pang*, 529 F. App'x 196, 199 (3d Cir. 2013). A plaintiff pleads a prima facie case under the federal Wiretap Act by alleging that the defendant: "(1) intentionally (2) intercepted, endeavored to intercept, or procured another person to intercept (3) the contents of (4) any wire, electronic, or oral communication, (5) using a device." *Vasko v. Twyford*, No. CV 16-197, 2016 WL 3522038, at *3 (W.D. Pa. June 28, 2016) (citing *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 274 (3d Cir. 2016) (internal citations omitted)).

Plaintiffs allege that one of the eleven recordings at issue occurred in Lackner's office when Lackner recorded a conversation between himself and Sedlak. (ECF No. 44, ¶¶ 28-32). Lackner argues that he is not liable under the federal Wiretap Act for this alleged recording because he was a direct party to the conversation. (ECF No. 46, pp. 9-12).

One-party consent is a viable defense under the federal Wiretap Act. Under 18 U.S.C. § 2511(2)(c), "[i]t shall not be unlawful [] for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c). In other words, the federal Wiretap Act is not violated if the interceptor, acting under the color of law, is a party to the communication. Plaintiffs alleged that "[a]t all times material hereto," Lackner was "acting under the color of state law." (ECF No. 44, ¶ 16). Further, 18 U.S.C. § 2511(2)(d) states that:

> It shall not be unlawful for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the

5

communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d). Whereas a person acting under color of law is always entitled to invoke one-party consent as a defense, that defense does not apply if a person not acting under color of law intercepts a communication "for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d). Plaintiffs did not plead any allegations or facts indicating that Lackner intercepted the recorded conversations for the purpose of committing any criminal or tortious acts.[2] Thus, there is no reason for the Court to analyze whether Lackner was acting under the color of law for the purposes of the federal Wiretap Act.

In connection to the recording in Lackner's office, Plaintiffs fail to plead a plausible claim for relief under the federal Wiretap Act. Lackner was a party to the conversation between himself and Sedlak. As set forth above, the federal Wiretap Act is not violated when one party to the conversation consents to the interception. Lackner consented to the interception when he recorded the conversation. Thus, the Court will grant Lackner's motion to dismiss Plaintiffs' federal Wiretap Act claim related to the alleged recording that occurred in Lackner's office on September 27, 2023.[3] The direct party exception applies to this specific recording.

---

[2] For the exception to apply, the criminal or tortious act must be something other than the allegedly unlawful interception. *Nickelodeon*, 827 F.3d at 276 (recognizing that the "tortious act" exception only applies "when the offender intercepted the communication for the purpose of a tortious or criminal act that is *independent* of the intentional act of recording").

[3] There is no direct party exception under WESCA. *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 128 (3d Cir. 2022). Thus, Plaintiffs' WESCA claim in relation to this recording is not affected by Lackner's consent or presence.

6

## B. Reasonable Expectation of Privacy in Relation to WESCA

Lackner argues that Plaintiffs' Count I WESCA claim related to the September 27, 2023, conversation between Lackner and Sedlak should be dismissed because Sedlak did not have a reasonable expectation of privacy in a conversation held in an office, while on duty, concerning workplace issues. (ECF No. 46, p. 12). The Court holds that, at this point in the litigation, Plaintiffs have adequately pled that Sedlak had a reasonable expectation of privacy in his conversation with Lackner.

WESCA provides in pertinent part:

> Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication; and shall be entitled to recover from any such person . . . .

18 Pa. C.S. § 5725(a). WESCA defines an "oral communication" as: "[a]ny oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation. The term does not include any electronic communication." 18 Pa. C.S. § 5702. Thus, in order to establish a prima facie case under WESCA for interception of an oral communication, a claimant must demonstrate: (1) that he engaged in a communication; (2) that he possessed an expectation that the communication would not be intercepted; (3) that his expectation was justifiable under the circumstances; and (4) that the defendant attempted to, or successfully intercepted the communication, or encouraged another to do so. *Agnew v. Dupler*, 717 A.2d 519, 522 (Pa. 1998). In other words, WESCA requires a plaintiff to demonstrate that he had a reasonable expectation of privacy in the conversation that was intercepted. *Kelly v. Borough of Carlisle*, 622 F.3d 248, 257 (3d Cir. 2010) (citing *Agnew*, 717 A.2d at 522).

Plaintiffs plausibly pled that Sedlak had a subjective expectation of privacy in his conversations. (ECF No. 44, ¶¶ 24-25). Sedlak allegedly did not consent to having his conversation with Lackner recorded and was unaware that Lackner was recording the conversation. (*Id.*). Thus, the issue is whether Sedlak's expectation of privacy was justified under the circumstances.

Plaintiffs allege that Lackner secretly recorded a conversation between himself and Sedlak, in Lackner's office, using Lackner's hidden BWC. (ECF No. 44, ¶ 28). The conversation was about two disciplinary matters, one involving Sedlak. (*Id.* ¶ 29). Lackner's office was fully enclosed, not equipped with video or audio recording devices, private, and not shared with any other employees. (*Id.* ¶¶ 30-31). According to Plaintiffs, Lackner had a history of locking his office when he was not working, and it was common practice for employees to knock on Lackner's door before entering the office. (*Id.* ¶¶ 31-32).

The Court holds that determining whether Sedlak had an objective expectation of privacy is inappropriate at the pleadings stage. Discovery may cast a new light on the context of the conversation. At this point, the Court cannot say, as a matter of law, that Sedlak did not have a reasonable expectation of privacy in his conversation with Lackner. The Court will deny Lackner's motion to dismiss Plaintiffs' WESCA claim in relation to the conversation between Sedlak and Lackner without prejudice to Lackner's right to reassert this argument in a motion for summary judgment based on a more fully developed record.

### IV. CONCLUSION

For the forgoing reasons, the Court will dismiss, with prejudice, the Count I federal Wiretap Act claim relating to the alleged recording that occurred in Lackner's office between Lackner and Sedlak.[4] The Court will deny Lackner's motion with regards to the Count I WESCA claim relating to the conversation between himself and Sedlak. An Order of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

4/25/25
Dated

---

[4] The Court will dismiss the Count I federal Wiretap Act claim relating to the September 27, 2023, recorded conversation between Lackner and Sedlak with prejudice because any further amendment by Plaintiffs would be futile in the eyes of the Court. Based upon the facts previously pled by Plaintiffs in their first complaint, (ECF No. 1), the allegations contained in the amended complaint (ECF No. 21), and the allegations contained in the second amended complaint (ECF No. 44), there is no possible factual basis sufficient to establish that the direct party exception to the federal Wiretap Act does not apply. Plaintiffs have had three attempts to properly plead this claim. They have failed. Any amendment would once again fail to establish a claim under the federal Wiretap Act against Lackner with relation to his September 27, 2023, conversation with Sedlak.